UNITED STATES, Appellee,

v

JOHN E. STUCK, Private, U. S. Marine Corps, Appellant

12 USCMA 562, 31 CMR 148

*Lieutenant Colonel R. G. Coyne,* USMC, and *Captain John P. Gibbons,* USN, were on the brief for Appellant, Accused.

*Lieutenant Colonel L. W. Martin,* USMC, and *Lieutenant Harold J. Wallum,* USNR, were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

A special court-martial convicted the accused of several offenses in violation of the Uniform Code of Military Justice.[1] On this appeal he challenges the sufficiency of the evidence to support the findings of guilty of negligent damage of a Navy truck in the amount of $25.00.

At trial, the prosecution established that the accused was assigned a pickup truck to cover a "driving post." A few hours before the vehicle was turned over to the accused it was observed by the Officer of the Day. He noted no dents or scratches on the sides of the truck body. The accused took possession of the truck when he relieved another sentry at about 7:30 p.m. The road at the point of transfer was "bumpy and full of holes." Apparently the road led through a gate, described as the South Orange Gate, to a paved road which constituted part of the perimeter of the driving post. Witnesses testified the accused's vehicle had its lights on as the accused started to drive through the gate. One witness testified the "lights . . . bumped and there was a noise"; another said he "just heard a noise . . . [that] sounded like metal against metal." In a pretrial statement the accused said that as he was "turning the corner onto the paved road . . . he had driven over a rock." Later, the accused complained that the right door of the truck would not close. Investigation showed the door had dents and scratches in it; and the right rear fender was "smashed."

There were orange paint scrapings on the door and grey paint, matching the color of that of the truck, was found on the gate post at the South Orange Gate. The scrape marks on the truck and the gate post "lined up perfectly." It was also shown that the gate was held open by a rock about a foot across and six inches high but the witness admitted the rock "could have been moved . . . [between the time he saw it and] the time of the accident." Finally, there is evidence to indicate the vehicle was in good operating condition at the time it was turned over to the accused.

In a criminal prosecution, the mere fact that a motor vehicle is damaged as the result of a collision with an object bordering the roadway does not itself establish beyond a reasonable doubt that the collision was the result of the driver's negligence. United States v Donnelly, 19 CMR 549, 551; see also Liggett & Myers Tobacco Co. v Deparcq, 66 F2d 678 (CA 8th Cir) (1933). Nothing in the evidence indicates any negligence on the part of the accused in scraping the gate post as he made the turn onto the paved road. In this regard the evidence is very much like that in United States v Ryan, 3 USCMA 735, 14 CMR 153. There, as here, the "net" of the prosecution's case is that the accused struck an object adjoining the roadway while he was driving a vehicle in apparently good operating condition. "This," we said, "is not enough under any standard laid down by this Court" to sustain a finding of negligence in the operation of the vehicle. Accordingly, the findings of guilty of Charge II and its spec-

---

[1] A board of review set aside one of the specifications on the ground it did not state an offense.

ification are set aside and the charge is dismissed.

The sentence is set aside and the record of trial is returned to the board of review for reconsideration thereof on the basis of the remaining findings of guilty.